ANDREW L. PACKARD (State Bar No. 168690)
WILLIAM N. CARLON (State Bar No. 305739)
Law Offices of Andrew L. Packard
245 Kentucky Street, Suite B3
Petaluma, CA 94952
Tel: (707) 782-4060
Fax: (707) 782-4062
E-mail: andrew@packardlawoffices.com
       wncarlon@packardlawoffices.com

Attorneys for Plaintiff
CALIFORNIA SPORTFISHING
PROTECTION ALLIANCE

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CALIFORNIA SPORTFISHING PROTECTION ALLIANCE, a non-profit corporation,<br><br>                Plaintiff,<br><br>     vs.<br><br>MULAS DAIRY COMPANY, et al.,<br><br>                Defendants. | Case No. 3-23-CV-00338-AGT<br><br>**PLAINTIFF'S OBJECTIONS TO EVIDENCE**<br><br>Date:     August 4, 2023<br>Time:    10:00 a.m.<br>Judge:   Hon. Alex G. Tse |

Plaintiff hereby objects to the following evidence presented by Defendants in connection with their motion to dismiss, ECF No. 23, set for hearing before this court on August 4, 2023, at 10:00 a.m.

| No. | Defendants' Evidence | Objections |
|---|---|---|
| 1 | Declaration of Paul Sousa (ECF No. 23-1) ¶ 4: "WDR 2016-0031 does not permit discharge of storm water which, as applicable to the Mulas Dairy Company, is appropriate, since, as set forth below, the Mulas Dairy Company does not discharge storm water and has never discharged storm water." | Mr. Sousa improperly offers lay testimony that is actually expert testimony (based on scientific, technical, or specialized knowledge). Fed. R. Evid. 701(c); *United States v. Figueroa-Lopez*, 125 F.3d 1241, 1246 (9th Cir. 1997). Mr. Sousa was not disclosed as an expert witness but is essentially providing testimony that would only be admissible if offered by an expert. Lay opinion is only admissible if it is based on the declarant's own percipience of the events and is not based on scientific, technical, or other specialized knowledge within the scope of FRE 702. Here, declarant's opinion is based on specialized knowledge and is thus inadmissible.<br><br>There is no foundation for this statement. If there is, it is due to having specialized knowledge as an expert and he is not a designated expert.<br><br>Constitutes a legal conclusion. Testimony that constitutes a legal conclusion, or the legal implications of evidence is inadmissible under FRE 704. See *United State v. Boulware*, 558 F.3d 971, 975 (9th Cir. 2009); *United States v. Scholl*, 166 F.3d 964, 973 (9th Cir. 1999). |
| 2 | Declaration of Paul Sousa (ECF No. 23-1) ¶ 5: "As set forth below, the Mulas Dairy Company was not required to be regulated under the General Storm Water Permit, and enrollment in the NPDES General Storm Water Permit was superfluous for the Mulas Dairy Company." | Constitutes a legal conclusion. Testimony that constitutes a legal conclusion, or the legal implications of evidence is inadmissible under FRE 704. See *United State v. Boulware*, 558 F.3d 971, 975 (9th Cir. |

| | | |
|---|---|---|
| | | 2009); *United States v. Scholl*, 166 F.3d 964, 973 (9th Cir. 1999). |
| 3 | Declaration of Paul Sousa (ECF No. 23-1) ¶ 8: "As of January 23, 2023 (which I understand is the date that the complaint in this litigation was filed), all of the dairies in California located in the San Francisco Region (Region 2 of the California Regional Water Quality Control Board), including the Mulas Dairy Company, are regulated under WDR 2016-0031 or its predecessor, WDR 2015-0031, not under the General Storm Water Permit." | Constitutes a legal conclusion. Testimony that constitutes a legal conclusion, or the legal implications of evidence is inadmissible under FRE 704. See *United State v. Boulware*, 558 F.3d 971, 975 (9th Cir. 2009); *United States v. Scholl*, 166 F.3d 964, 973 (9th Cir. 1999). |
| 4 | Declaration of Paul Sousa (ECF No. 23-1) ¶ 10: "The Mulas Dairy is not on a hill and so does not have to deal with storm water draining downhill. The Mulas Dairy is designed like a bathtub, in the sense that all storm water drains within the facility to a series of containment ponds which are regularly maintained, and there is no storm water discharge from the site.  My understanding is that those containment ponds are capable of withstanding a 24-hour once-in-a-century storm, and are therefore legally adequate to function as intended to accept and process storm water" | Mr. Sousa improperly offers lay testimony that is actually expert testimony (based on scientific, technical, or specialized knowledge).  Fed. R. Evid. 701(c); *United States v. Figueroa-Lopez*, 125 F.3d 1241, 1246 (9th Cir. 1997). Mr. Sousa was not disclosed as an expert witness but is essentially providing testimony that would only be admissible if offered by an expert.  Lay opinion is only admissible if it is based on the declarant's own percipience of the events and is not based on scientific, technical, or other specialized knowledge within the scope of FRE 702.  Here, declarant's opinion is based on specialized knowledge regarding engineering and hydrology and is thus inadmissible.<br><br>There is no foundation for this statement. If there is, it is due to having specialized knowledge as an expert and he is not a designated expert.<br><br>Constitutes a legal conclusion. Testimony that constitutes a legal conclusion, or the legal implications of evidence is inadmissible under FRE 704. See *United State v. Boulware*, 558 F.3d 971, 975 (9th Cir. 2009); *United States v. Scholl*, 166 F.3d 964, 973 (9th Cir. 1999). |

| | | |
|---|---|---|
| 5 | Declaration of Michael Mulas (ECF No. 23-3) ¶ 3: "The dairy operation itself was a self-contained area within the Mulas Land that is built like (to use an analogy) a giant bathtub, such that all storm water falling on the dairy facility would drain within the dairy facility and, from there, out to one of five specially-designed containment ponds which were regularly maintained. Those containment ponds are designed to withstand a 24-hour once-in-a-century storm. Storm water did not leave the dairy facility nor the Mulas Land." | Mr. Sousa improperly offers lay testimony that is actually expert testimony (based on scientific, technical, or specialized knowledge). Fed. R. Evid. 701(c); *United States v. Figueroa-Lopez*, 125 F.3d 1241, 1246 (9th Cir. 1997). Mr. Sousa was not disclosed as an expert witness but is essentially providing testimony that would only be admissible if offered by an expert. Lay opinion is only admissible if it is based on the declarant's own percipience of the events and is not based on scientific, technical, or other specialized knowledge within the scope of FRE 702. Here, declarant's opinion is based on specialized knowledge and is thus inadmissible.<br><br>There is no foundation for this statement. If there is, it is due to having specialized knowledge as an expert and he is not a designated expert. |
| 6 | Declaration of Michael Mulas (ECF No. 23-3) ¶ 8: "As of the January 23, 2023 filing of Plaintiff's Complaint in this action, all of the dairies located in the San Francisco Bay Area were regulated under WDR 2016-0031 or its predecessor, WDR 2015-0031, and not under the General Storm Water Permit. Thus, although Mulas Dairy was enrolled in the General Storm Water Permit, it was not required to be. WDR 2016-0031, Tier 2, does not permit discharge of storm water and Mulas Dairy always complied." | Mr. Sousa improperly offers lay testimony that is actually expert testimony (based on scientific, technical, or specialized knowledge). Fed. R. Evid. 701(c); *United States v. Figueroa-Lopez*, 125 F.3d 1241, 1246 (9th Cir. 1997). Mr. Sousa was not disclosed as an expert witness but is essentially providing testimony that would only be admissible if offered by an expert. Lay opinion is only admissible if it is based on the declarant's own percipience of the events and is not based on scientific, technical, or other specialized knowledge within the scope of FRE 702. Here, declarant's opinion is based on specialized knowledge and is thus inadmissible.<br><br>There is no foundation for this |

| | | |
|---|---|---|
| | | statement. If there is, it is due to having specialized knowledge as an expert and he is not a designated expert. |
| 7 | Declaration of Michael Mulas (ECF No. 23-3) ¶ 10: "(although the effective date is the date on which the Notice of Termination was given, i.e., the Notice of Termination becomes effective retroactively)." | Constitutes a legal conclusion. Testimony that constitutes a legal conclusion, or the legal implications of evidence is inadmissible under FRE 704. See *United State v. Boulware*, 558 F.3d 971, 975 (9th Cir. 2009); *United States v. Scholl*, 166 F.3d 964, 973 (9th Cir. 1999). |
| 8 | Declaration of Michael Mulas (ECF No. 23-3) ¶ 12: "If the Notice of Termination is approved by the Regional Water Board, the effective termination date will be January 23, 2023, the date on which the Notice of Termination was filed, and the same date that the Complaint in this action was filed." | Constitutes a legal conclusion. Testimony that constitutes a legal conclusion, or the legal implications of evidence is inadmissible under FRE 704. See *United State v. Boulware*, 558 F.3d 971, 975 (9th Cir. 2009); *United States v. Scholl*, 166 F.3d 964, 973 (9th Cir. 1999). |

Dated: May 12, 2023
        LAW OFFICES OF ANDREW L. PACKARD
        By: /s/ William N. Carlon
          William N. Carlon
          Attorneys for Plaintiff
          CALIFORNIA SPORTFISHING
          PROTECTION ALLIANCE