ANDREW L. PACKARD (State Bar No. 168690)
WILLIAM N. CARLON (State Bar No. 305739)
Law Offices of Andrew L. Packard
245 Kentucky Street, Suite B3
Petaluma, CA 94952
Tel: (707) 782-4060
Fax: (707) 782-4062
E-mail: andrew@packardlawoffices.com
         wncarlon@packardlawoffices.com

Attorneys for Plaintiff
CALIFORNIA SPORTFISHING
PROTECTION ALLIANCE

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIA SPORTFISHING PROTECTION ALLIANCE, a non-profit corporation,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>MULAS DAIRY COMPANY, et al.,<br><br>　　　　Defendants. | Case No. 3-23-CV-00338-AGT<br><br>**PLAINTIFF'S OBJECTIONS TO REPLY EVIDENCE**<br><br>**Civil Local Rule 7-3(d)(1)**<br><br>Date:　　August 4, 2023<br>Time:　　10:00 a.m.<br>Judge:　　Hon. Alex G. Tse |

Plaintiff hereby objects to the following evidence presented by Defendants in connection with their reply, ECF No. 30, in support of their motion to dismiss, ECF No. 23, set for hearing before this court on August 4, 2023, at 10:00 a.m.

| No. | Defendants' Evidence | Objections |
|-----|----------------------|------------|
| 9 | Supplemental Declaration of Michael Mulas (ECF No. 31) ¶ 2: "As stated in my original declaration in support of the present motion, I reiterate that the Mulas Dairy does not discharge storm water from its dairy facility. Such discharge was not permitted under either of the two State Water Board permits under which the Mulas Dairy operated; the Mulas Dairy complied with the requirements of those two permits." | Mr. Mulas improperly offers lay testimony that is actually expert testimony (based on scientific, technical, or specialized knowledge). Fed. R. Evid. 701(c); *United States v. Figueroa-Lopez*, 125 F.3d 1241, 1246 (9th Cir. 1997). Mr. Mulas was not disclosed as an expert witness but is essentially providing testimony that would only be admissible if offered by an expert. Lay opinion is only admissible if it is based on the declarant's own percipience of the events and is not based on scientific, technical, or other specialized knowledge within the scope of FRE 702. Here, declarant's opinion is based on specialized knowledge and is thus inadmissible.<br><br>There is no foundation for this statement. If there is, it is due to having specialized knowledge as an expert and he is not a designated expert.<br><br>Constitutes a legal conclusion. Testimony that constitutes a legal conclusion, or the legal implications of evidence is inadmissible under FRE 704. See *United State v. Boulware*, 558 F.3d 971, 975 (9th Cir. 2009); *United States v. Scholl*, 166 F.3d 964, 973 (9th Cir. 1999). |
| 10 | Supplemental Declaration of Michael Mulas (ECF No. 31) ¶ 8: "On February 28, 2023, in connection with the scheduling of the inspection, I was copied on an email from Mr. Xu to Michelle Clauzel, of Blankinship & Associates, Inc. (an agriculture and environmental science and engineering firm), stating, in pertinent part: | FRE 802: Hearsay. Mr. Mulas's statements about Mr. Xu's statements constitute inadmissible hearsay. Furthermore, the testimony does not qualify for any exception or exclusion from |

| | | | |
|---|---|---|---|
| | | "We are currently coordinating with Mike Mulas to conduct a Notice of Termination inspection in March. Once the inspection is complete, we will move forward with the NOT [Notice of Termination]. The NOT will be back-dated to the original submittal date [January 23, 2023]." Attached hereto as Exhibit "A" is a true and correct copy of Mr. Xu's February 28, 2023 email on which I was copied. Based on this email, I stated in my original declaration that "[i]f the Notice of Termination is approved by the Regional Water Board, the effective termination date will be January 23, 2023[.]"" | the rule against hearsay. Even if the testimony did qualify for an exception or exclusion from the rule against hearsay, no foundation for any such exception or exclusion has been properly established.<br><br>Constitutes a legal conclusion as to what the "effective termination date" will be. Whether or not Defendants submitted a valid Notice of Termination is a legal question more appropriately left to the Court, not a Regional Board staff member. Testimony that constitutes a legal conclusion, or the legal implications of evidence is inadmissible under FRE 704. See *United State v. Boulware*, 558 F.3d 971, 975 (9th Cir. 2009); *United States v. Scholl*, 166 F.3d 964, 973 (9th Cir. 1999). |
| 11 | | Exhibit A to the Supplemental Declaration of Michael Mulas (ECF No. 31-1). | FRE 802: Hearsay. Mr. Xu's email constitute inadmissible hearsay. Furthermore, the testimony does not qualify for any exception or exclusion from the rule against hearsay. Even if the testimony did qualify for an exception or exclusion from the rule against hearsay, no foundation for any such exception or exclusion has been properly established.<br><br>Constitutes a legal conclusion. Testimony that constitutes a legal conclusion, or the legal implications of evidence is inadmissible under FRE 704. See *United State v. Boulware*, 558 F.3d 971, 975 (9th Cir. 2009); *United States v. Scholl*, 166 F.3d 964, 973 (9th Cir. 1999). |

//

//

//

| | | |
|---|---|---|
| 1 | Dated: May 23, 2023 | LAW OFFICES OF ANDREW L. PACKARD |
| 2 | | By: /s/ William N. Carlon |
| | | William N. Carlon |
| 3 | | Attorneys for Plaintiff |
| 4 | | CALIFORNIA SPORTFISHING PROTECTION ALLIANCE |